UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEMO ENDORSED

PHILLIP SULLIVAN, JR., on behalf of himself and all others similarly situated,

Plaintiff,

v.

LIFE TIME, INC.,

Defendant.

Case No. 1:18-cv-07404-KPF

**STIPULATION AND ORDER OF CONFIDENTIALITY**

WHEREAS, Plaintiff Phillip Sullivan, Jr. ("Plaintiff") has commenced the above-captioned action against Defendant Life Time, Inc. ("Defendant");

WHEREAS, Plaintiff and Defendant (collectively, the "Parties") are presently engaged in discovery in this action and anticipate exchanging documents and information that contain confidential, proprietary, trade secret, or personal information concerning the parties, entities affiliated with Defendant, and other third persons and/or the events and occurrences forming the subject of this action;

The Parties to this action, through their respective counsel of record, HEREBY STIPULATE AND AGREE to the following, and request that this Stipulation and Confidentiality Order (the "Confidentiality Order") be entered as an Order of the Court:

1. For the purposes of this Confidentiality Order, "Confidential Information" shall include:

      a. documents or information containing proprietary matters of Defendant, entities affiliated with Defendant or other third persons, such as, without limitation, documents or information that contain trade secrets;

b. documents that contain any non-public, private and/or business information of Defendant, entities affiliated with Defendant or other third persons, such as, without limitation, financial, budgetary, commercial, marketing, survey, and/or strategic information;

c. contracts or other agreements, including drafts, between Defendant and any business partner or other entity that contain or reflect any proprietary or other confidential information, that contain confidentiality restrictions, and/or under which Defendant owes a duty of confidentiality; and

d. any other document containing sensitive business, financial or personal information, including but not limited to non-final drafts, which, during the course of discovery, a producing party believes in good faith is worthy of protection as Confidential Information.

Confidential Information shall not include information or documents that have been previously disclosed to the public.

2. For the purposes of this Confidentiality Order, “Attorneys’ Eyes Only Material” shall mean information or documents that contains trade secrets or proprietary business information, the disclosure of which is likely to cause significant harm to the competitive position of the producing party.

3. All information or materials the producing party believes in good faith fits within the definition in paragraphs 1 and 2 above may be marked or designated "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to be treated in accordance with the provisions of this Confidentiality Order.

4. A non-party may designate materials produced by that person or entity in response to a subpoena as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". A party may also designate all or any portion of any materials produced by a non-party in response to a subpoena as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY";

5. Confidential Information and or Attorneys' Eyes Only Material produced in connection with this action may be used and retained for purposes of this action only, and may not be used in any other action, lawsuit, litigation, arbitration, mediation or other proceeding(s). It may not be used or in any way communicated to anyone, including, but not limited to, attorneys or other litigants, for any purpose other than to prosecute or defend against the claims asserted in this action.

6. Access to and/or disclosure of all or any part of the Confidential Information shall be permitted and/or communicated only to the following persons (the "Designated Persons"):

   a. The parties to this action, including their officers, directors and key employees, as necessary to prosecute or defend the action;

   b. Witnesses or deponents and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony;

   c. Retained counsel for the parties to this action, including in-house counsel, and their paralegals and/or assistants, who are charged with responsibility for and are actively engaged in the prosecution or defense of this action ("Counsel"). Counsel's employees and independent contractors, including paralegals, secretaries and

clerical employees, who are actually involved in defending or prosecuting this action;

d. Experts or consultants necessary to assist counsel for the Parties, and partners, associates, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services);

e. Mediators before whom the parties mediate the claims asserted in this action;

f. The courts, persons employed by the courts, and court reporters transcribing any hearing, trial or deposition and any appeal therefrom; and

g. Any other person only upon (i) order of the Court entered upon notice to the Parties or (ii) written stipulation of, or statement on the record by, the producing party who provided the Confidential Information being disclosed that such producing party consents to such disclosure;

7. Attorneys' Eyes Only Material may be shared only with the persons identified in paragraphs 6(c), 6(d), 6(e), 6(f), and 6(g) and may not be shared with those persons identified in foregoing paragraph 6(b), except to the extent that the witness or deponent is the producing party or an officer, director, shareholder, or employee of the producing party. Attorneys' Eyes Only Material shall not be disclosed by authorized recipients thereof to anyone unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by Order of the Court. It is, however, understood that counsel for a receiving party may give advice and opinions to his or her client solely relating to the action based on his or her evaluation of Attorneys' Eyes Only Material, provided that such advice and opinions shall not reveal the content of such

Attorneys' Eyes Only Material, except by prior written agreement of counsel for the Parties, or by Order of the Court

8. If any of the Designated Persons identified in paragraphs 6(b), 6(d), 6(e), and 6(g) to whom access to Confidential Information or Attorneys' Eyes Only Material is permitted fails or refuses to agree in writing to comply with the terms of this Confidentiality Order as to any particular Confidential Information or Attorneys' Eyes Only Material, disclosure of such Confidential Information or Attorneys' Eyes Only Material shall not be permitted to that person at that time. The parties, or any of them, may then seek relief from the Court as to, among other things, whether or not such person is one to whom Confidential Information or Attorneys' Eyes Only Material should be disclosed.

9. In making copies of Confidential Information or Attorneys' Eyes Only Material, reasonable precautions shall be taken to ensure that all copies remain within the possession of counsel for the parties or those entitled to access to the Confidential Information and/or Attorneys' Eyes Only Material under Paragraphs 6 and 7, above,

10. Confidential Information and Attorneys' Eyes Only Material shall be used solely in connection with this action, including but not limited to for the purposes of depositions, motions, hearings, briefs, preparation for trial, and trial. Except as specifically provided herein, each Designated Person will hold in confidence and not disclose to anyone else, or use in any fashion, any Confidential Information or Attorneys' Eyes Only Material, or any excerpt, summary, abstract or index thereof.

11. This Confidentiality Order shall not alter the rights of any such person who, notwithstanding disclosure pursuant to this Confidentiality Order, currently has access to, or possession of, Confidential Information or Attorneys' Eyes Only Material. Nothing in this

Confidentiality Order shall prevent the producing party from using or disclosing its own Confidential Information or Attorneys' Eyes Only Material in any way it deems appropriate.

12. If Confidential Information or Attorneys' Eyes Only Material is disclosed at a deposition, only those persons may be present who are authorized by the terms of this Confidentiality Order to have access to such material. The disclosing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information or Attorneys' Eyes Only Material is to be discussed or disclosed, any person not authorized by this Confidentiality Order to receive the Confidential Information or Attorneys' Eyes Only Material. If requested by any party, the portions of the deposition transcripts which refer to the Confidential Information or Attorneys' Eyes Only Material shall be marked or designated as "Confidential" or "Attorneys' Eyes Only Material" and treated in accordance with the terms of this Confidentiality Order, Confidential or Attorneys' Eyes Only Material designation(s) with respect to depositions must be made within twenty (20) business days after that party receives the court reporter's transcript for that deposition.

13. No modification or other change to this Confidentiality Order shall be effective unless it is in writing, signed by counsel of record, and reduced to an order of the Court.

14. By agreeing to the procedures set forth in this Confidentiality Order, none of the parties agrees to produce any document(s) or waives or prejudices any objection he, she or it may have with respect to the production or admissibility of any document(s) or information. Nothing contained herein shall prejudice the right of a party to object to the production of any document(s) or information. In addition, the fact that a party has entered into this Confidentiality Order is not, and shall not be argued or deemed to constitute, a waiver of any objections they may have to the production of documents (including any objections based upon the attorney-client, attorney work-

product and/or the reporter's privileges). This Confidentiality Order does not prejudice the right of any party to apply to the Court for an Order compelling production of documents or to apply to the Court for:

    a.  A further Confidentiality Order relating to any discovery in this action; or,

    b.  An order declaring that a document(s) or information designated as "Confidential Information" or "Attorneys' Eyes Only Material" is not confidential and should not be subject to this Confidentiality Order; and likewise does not prejudice the right of any party to object to any such application or motion.

Pending a determination by the Court, material designated as Confidential or Attorneys' Eyes Only Material by a party shall be treated as provided in this Confidentiality Order.

15. If any Confidential Information or Attorneys' Eyes Only Material is inadvertently produced without being marked in accordance with this Confidentiality Order, the failure to so mark the document or other material shall not be deemed a waiver. Until the document or other material is designated as Confidential Information or Attorneys' Eyes Only Material by the party producing it, the party discovering the document or material shall be entitled to treat it as non-confidential. When the document or material is designated as Confidential Information or Attorneys' Eyes Only Material, however, counsel to the party discovering it shall take prompt and reasonable steps to have the document or material marked and treated as Confidential Information or Attorneys' Eyes Only Material or to return the document or material to the producing party for "Confidential" or "Attorneys' Eyes Only Material" designation pursuant to paragraphs 1 and 2, above, of this Confidentiality Order;

16. If a party believes that a document(s) or information has been improperly designated as Confidential Information or Attorneys' Eyes Only Material, the party may challenge the designation. The parties shall meet and confer and attempt to resolve any dispute. If they are

unable to resolve their dispute(s), the disclosing party may seek a protective order from the Court, or, alternatively, the party challenging the designation may seek an order from the Court declaring that the document has been improperly designated as Confidential Information or Attorneys' Eyes Only Material. If, in connection with a Court filing, a party provides written notice challenging the confidential designation with respect to a document to be included in that filing, the confidential designation shall be lost if: (i) the parties fail to agree in writing to continue the Confidential Information or Attorneys' Eyes Only Material designation; and (ii) the designating party fails to seek a protective order from the Court with respect to the designation within seven (7) business days of receiving the written notice. Pending a determination by the Court, material designated as confidential by a party shall be treated as Confidential Information or Attorneys' Eyes Only Material as provided in this Confidentiality Order.

17. The party seeks to file any document containing Confidential Information or Attorneys' Eyes Only Material or any pleadings, motions, or other papers that contain(s) or refer(s) to any Confidential Information or Attorneys' Eyes Only Material shall apply to the Court for leave to file such document or papers under seal. If leave is granted, the party shall file such document or papers under seal. Pending an order from the Court, the party seeking leave to file Confidential Information or Attorneys' Eyes Only Material may file by ECF after ensuring all Confidential Information or Attorneys' Eyes Only Material has been redacted (a placeholder for an entire page or document may be included). The party should indicate that the information has been redacted as "Confidential Information" or "Attorneys' Eyes Only Material" and state that a motion to seal or lilt the designation will be filed. The party should provide a complete unredacted copy of the document(s) filed to the Court and counsel for all other parties.

18. If leave to file the Confidential Information or Attorneys' Eyes Only Material under seal is granted, the party shall file such documents or papers under seal. If leave is denied, the party shall file such documents or papers in accordance with the Court's instructions, including, if instructed to do so, by filing them publicly via ECF. Where possible, only confidential portions of such filings with the Court shall be filed under seal. To avoid the unnecessary filing of documents under seal, counsel for the parties may request waiver of the provisions of this paragraph, and such waiver will not be unreasonably withheld.

19. This Confidentiality Order shall not apply to the submission or filing of Confidential Information or Attorneys' Eyes Only Material at a hearing or trial. The parties agree that they will, in advance of a hearing or trial, negotiate in good faith concerning an appropriate procedure to propose to the Court for the treatment of Confidential Information or Attorneys' Eyes Only Material at trial. In the event the parties cannot agree to such a procedure to propose to the Court, each party shall he free to apply to the Court for the entry of an order concerning the treatment of its Confidential Information or Attorneys' Eyes Only Material at hearing and/or trial. Nothing in this Confidentiality Order shall be construed to affect the admissibility of any document or information at a hearing and/or trial.

20. The Court retains the right to allow disclosure of any subject covered by this Confidentiality Order or to modify this Confidentiality Order at any time in the interest of justice.

21. If any party receiving documents or information covered by this Order is subpoenaed in another action or proceeding, or served with a document demand, and such subpoena or document demand seeks material which was produced or designated in this action as Confidential or Attorney's Eyes Only Material by the other party, the party receiving the subpoena or document demand shall give prompt written notice to counsel for the other party and shall, to

the extent permitted by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved.

22. All confidential Information or Attorneys' Eyes Only Material produced in this action during discovery, and all copies, digests, or summaries made thereof, including copies, digests, or summaries distributed to experts or consultants, and those appended to depositions, shall either be: (1) returned to the producing party within sixty (60) days after final determination of this action; or (2) destroyed by the non-producing party possessing such Confidential Information or Attorneys' Eyes Only Material within sixty (60) days after final determination of this action. In the event a party chooses the latter option, the party shall provide the other party with a written statement attesting to such destruction within ten (10) days after such destruction occurs. Notwithstanding the foregoing, counsel in this action may keep copies of work product and Court filings that contain or refer to Confidential Information or Attorneys' Eyes Only Material.

23. No modification or other change to this Agreement shall be effective unless it is in writing and signed by both Parties' counsel of record, or has been reduced to an order of the Court.

24. This Agreement is enforceable as a contract pursuant to New York law and shall remain in full force and effect until modified, amended, superseded, or terminated by written consent of the Parties.

25. This Agreement may be executed in electronic counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one binding Agreement.

**STIPULATED AND AGREED,**

DATE: October 16, 2019

/s/ C.K. Lee
C.K. Lee
LEE LITIGATION GROUP, PLLC
30 East 39th Street, 2nd Floor
New York, NY 10016
Tel: (212) 465-1188
Fax: (212) 465-1181
*cklee@leelitigation.com*

*Counsel for Plaintiff*
*Phillip Sullivan, Jr.*

/s/ Narges M. Kakalia
Narges M. Kakalia
Todd Rosenbaum
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
Chrysler Center
666 Third Avenue, 25th Floor
New York, NY 10017
Tel: (212) 935-3000
Fax: (212) 983-3115
*NMKakalia@mintz.com*
*TFRosenbaum@mintz.com*

*Counsel for Defendant*
*Life Time, Inc.*

This confidentiality agreement does not bind the Court or any of its personnel. The Court can modify this stipulation at any time. The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation. Any party wishing to make redacted or sealed submissions shall comply with Rule 6(A) of this Court's Individual Rules of Civil Procedure.

Dated: October 17, 2019
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE